**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN ZINKEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2017-cv- |
| | ) | |
| vs. | ) | Judge _____ |
| | ) | |
| VICKY PIPER, an individual, PRADIPTA KOMANDURI, an individual, CAROLYN NELSON, an individual, and LOYOLA UNIVERSITY HEALTH SYSTEM, an Illinois corporation, | ) ) ) ) | [Removed From Circuit Court of Cook County, Illinois Case No. 2016L009718] |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendants, Loyola University Health System (hereinafter "Loyola University"), Vicky Piper (hereinafter "Piper"), Pradipta Komanduri (hereinafter "Komanduri) and Carolyn Nelson (hereinafter "Nelson") (hereinafter collectively "Defendants"), by their attorneys, Camille N. Khodadad and Daniel A. Hantman of Much Shelist, P.C., submit this Notice of Removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 and, and as grounds for the removal state as follows:

### STATEMENT OF THE CASE

1. On or about September 30, 2016, John Zinkel filed a Complaint against Defendants in the Circuit Court of Cook County, Illinois, Case No. 2016L009718 (the "State Court Action") alleging Intentional Infliction of Emotional Distress against Defendants Piper, Komanduri and Nelson (Count I), Intentional Infliction of Emotional Distress by Respondent Superior against Defendant Loyola University (Count II), and Tortious Interference with a

Business Relationship or Expectancy against Defendants Piper, Komanduri and Nelson (Count III). (See Complaint, attached hereto as Exhibit A).

2.  On October 4, 2016, attorney for Defendants, Camille N. Khodadad, advised Plaintiff's counsel, Ruth Major, that she would accept service for Defendants. On October 11, 2016, Plaintiff's counsel, Daniel Broadwell, served Defendants through Ms. Khodadad. (See email from Camille Khodadad to Ruth Major dated October 4, 2016, attached hereto as Exhibit B; and email from Daniel Broadwell to Camille Khodadad dated October 11, 2016 with civil cover sheet and summons, attached hereto as Exhibit C).

3.  On November 30, 2016, Circuit Court Judge Larry Axelrood entered an Order giving Defendants until December 28, 2016 to answer or otherwise plead. (See Judge Axelrood's November 30, 2016 Order, attached hereto as Exhibit D).

4.  On December 30, 2016, Defendants filed a Motion to Dismiss all counts of Plaintiff's Complaint. At the January 6, 2017 hearing on Defendants' Motion to Dismiss, Plaintiff's counsel advised the Court that Plaintiff would be filing an Amended Complaint. Accordingly, the Court entered an Order: granting Plaintiff until on or January 18, 2017 to file an Amended Complaint; entering and continuing Defendants' Motion to Dismiss until February 3, 2017; and setting the matter for status on February 3, 2017. (See January 6, 2017 Order, attached hereto as Exhibit E).

5.  On January 17, 2017, Plaintiff filed an Amended Complaint asserting the following additional causes of action: Discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against Defendant Loyola University (Count IV); Discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") against Defendant Loyola University (Count V); Discrimination in violation of

2

the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq. ("ADA") against Defendant Loyola University (Count VI); and Wrongful discharge against Defendant Loyola University (Count VII). (A copy of the January 17, 2017 Amended Complaint is attached hereto as Exhibit F).

6. At the February 3, 2017 hearing, the Court entered and continued Defendants' Motion to Dismiss to March 3, 2017. (See February 3, 2017 Order, attached hereto as Exhibit G).

7. As Plaintiff included federal claims in his Amended Complaint, Defendants timely removed the case to the United States District Court for the Northern District of Illinois on February 15, 2017. (See Notice of Removal, attached hereto as Exhibit H.)

8. However, on February 21, 2017, Judge Shadur *sua sponte* remanded the case because Plaintiff had failed to plead in his Amended Complaint that the necessary preconditions to filing suit had been met for Plaintiff's federal discrimination claims. See *Zinkel v. Piper, et al.*, Case No. 17-c-1227, Mem. Op. & Order at ¶3 (N.D.Ill. Feb. 21, 2017), attached hereto as Exhibit I.)

9. As the preconditions for filing suit were not pled, the Court dismissed Plaintiff's discrimination claims finding that they were not plausible. (Exhibit I, p. 3.)

10. Reasoning that in the absence of the federal claims it no longer had jurisdiction over the remaining state law claims, the Court remanded the case. (Exhibit I, p. 3; See also Order of Remand, attached hereto as Exhibit J.)

11. On March 15, 2017, an Order was entered returning the matter to Judge Axelrood and setting a status for March 16, 2017. (See March 15, 2017 Order, attached hereto as Exhibit K.)

12. On March 16, 2017, Judge Esrig entered an Order giving: Defendants until on or before April 13, 2017 to file a Motion to Dismiss; Plaintiff until May 16, 2017 to file a Response; and Defendants until May 31, 2017 to file a Reply. Judge Esrig set the matter for a status hearing on June 1, 2017. (See March 16, 2017 Order, attached hereto as Exhibit L.)

13. Defendants' Motion to Dismiss was fully briefed and at the June 1, 2017 status hearing, the Court set the matter for a hearing on August 22, 2017. (See June 1, 2017 Order, attached hereto as Exhibit M).

14. At the August 22, 2017 hearing, Judge Esrig entered an Order granting Defendants Motion to Dismiss all counts of Plaintiff's Complaint. Judge Esrig stated that as Judge Shadur had dismissed Plaintiff's federal discrimination claims, "these counts are not currently before the court. Should Plaintiff wish to replead those claims, he may do so within twenty-one days." (Judge Esrig's August 22, 2017 Order, attached hereto as Exhibit N.) Accordingly, Plaintiff was given until on or before September 12, 2017 to file an Amended Complaint. Defendants were given until October 10, 2017 to answer or otherwise plead. The matter was set for a status hearing on October 11, 2017. (See August 22, 2017 Order, attached hereto as Exhibit O).

15. On September 12, 2017, Plaintiff filed a Revised Second Amended Complaint. (See Revised Second Amended Complaint, attached hereto as Exhibit P.)

16. In Plaintiff's Revised Second Amended Complaint, Plaintiff re-pled his Title VII, ADA and ADEA claims and this time included language alleging that the preconditions to filing suit had been satisfied. (See Exhibit P, ¶¶ 51, 59, 66).

17. Plaintiff also re-pled his claims for intentional infliction of emotional distress against Defendants and tortious interference against the individual Defendants. (See Exhibit P).

18. As Plaintiff has properly alleged that the preconditions for filing suit have been met, Plaintiff's claims are plausible and properly removable. (See post-remand transcript of hearing before Judge Shadur, where Judge Shadur suggests that once Plaintiff alleges the preconditions to filing suit have been met, the matter would become removable, attached hereto as Exhibit Q, p. 12, lines 6-12).

### FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

19. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 and the matter may be removed pursuant to 28 U.S.C. §1441 because this civil action arises under the laws of the United States.

20. In Plaintiff's September 12, 2017 Amended Complaint in the State Court Action, Plaintiff re-pled the following causes of action based on federal law (after Judge Shadur had *sua sponte* dismissed them): Discrimination in violation of Title VII against Defendant Loyola University (Count IV); Discrimination in violation of the ADEA against Defendant Loyola University (Count V); and Discrimination in violation of the ADA against Defendant Loyola University (Count VI).

21. As discussed above, these federal law causes of action were not properly pled in the Amended Complaint and were accordingly *sua sponte* dismissed by Judge Shadur.

22. Plaintiff has now alleged plausible federal claims as he has alleged that the necessary preconditions to filing suit have been met.

23. As Plaintiff's discrimination claims are predicated on federal law, the State Court Action is properly removable to this Court at this time.

24. Under 28 U.S.C. § 1367 *et seq.*, the federal courts have supplemental jurisdiction over Plaintiff's state law claims as they are "related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

**PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

25. This Notice of Removal has been filed within the permissible 30 day period of service of the Revised Second Amended Complaint (September 12, 2017) which gave the basis for removal. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

26. The United States District Court for the Northern District of Illinois is the federal judicial district encompassing Cook County, Illinois, where this action was filed. Therefore, venue lies in this Court pursuant to 28 U.S.C. §1441 (a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending").

27. Pursuant to 28 U.S.C. §1446 (a), copies of "all process, pleadings, and orders served upon" Defendants in the State Court Action are attached hereto as Exhibits A and D-Q.

28. Pursuant to 28 U.S.C. §1446 (d), Defendants are giving written notice of the filing of the Notice of Removal to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk of the Circuit of Cook County, Illinois.

**CONCLUSION**

By this Notice of Removal, Defendants do not waive any objections they may have to jurisdiction, or any other defenses or objections they may have to this action. Defendants intend

no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

        Respectfully submitted,

        /s/ Camille N. Khodadad_____
        One of the Attorneys for Defendants LOYOLA
        UNIVERSITY HEALTH SYSTEM, VICKY PIPER,
        PRADIPTA KOMANDURI and CAROLYN NELSON

Camille N. Khodadad (#6207240)
(ckhodadad@muchshelist.com)
Daniel A. Hantman (#6312997)
(dhantman@muchshelist.com)
**MUCH SHELIST, P.C**.
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
312-521-2100 | Phone

## **CERTIFICATE OF SERVICE**

Camille N. Khodadad, an attorney, certifies that she caused ***Defendants' Notice of Post-Remand Removal of a Civil Action*** to be electronically filed with the Clerk of the Circuit Court of Cook County using the CM/ECF system, which will send notification of such filing to the following recipients on this 10th day of October, 2017:

To:

Ruth I. Major
Daniel Broadwell
**The Law Offices of Ruth I. Major PC**
30 W. Monroe St., Suite 1650
Chicago, Illinois 60603
rmajor@major-law.com
dbroadwell@major-law.com

/s/ Camille N. Khodadad